IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADETUNJI FASHINA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   Civil Action No. 3:12-CV-822-N-BK |
| | § |
| FEDERAL HOME LOAN MORTGAGE | § |
| CORPORATION, | § |
| | § |
| Defendant. | § |

## FINDINGS, CONCLUSIONS and RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 4). The Court now considers Defendant's *Motion to Dismiss Plaintiff's Second Amended Complaint.* (Doc. 26). For the reasons discussed below, it is recommended that the motion be **GRANTED**.

## Background

Plaintiff Adetunji Fashina filed his *pro se* complaint against the Federal Home Loan Mortgage Corporation ("Defendant") in connection with Defendant's foreclosure of his home. (Doc. 1). In his *First Amended Complaint*, Plaintiff argued that the foreclosure wrongfully took place while his account was under appeal review and alleged (1) violations of the Real Estate Settlement Procedures Act (RESPA); (2) violations of the Texas Deceptive Trade Practices Act (DTPA) and related Debt Collection Practices Act (TDCPA); (3) common law fraud; (4) negligence; (5) negligent misrepresentation; (6) gross negligence; (7) breach of contract; and (8) wrongful foreclosure.[1] (Doc. 14).

---

[1] The Court liberally construed the *pro se* complaint to attempt to allege a wrongful foreclosure claim based on Plaintiff's repeated references to "wrongful foreclosure" in his amended complaint and his allegations of defects in the foreclosure proceedings. *See First State Bank v. Keliman*, 851 S.W.2d 914, 921-922 (Tex. App.—Austin 1993) (holding that a debtor may

On June 26, 2012, Defendant filed its *Motion to Dismiss Plaintiff's First Amended Complaint* pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 18). After a review of the arguments and the applicable law, the undersigned recommended Defendant's motion be granted in part, and that Plaintiff be granted leave to amend his complaint to properly allege the wrongful foreclosure action. (Doc. 22). That recommendation was accepted and adopted by the Court on January 7, 2013. (Doc. 25).

On December 28, 2013, Plaintiff filed his *Second Amended Complaint*, in which he alleges only a wrongful foreclosure action. (Doc. 24).[2] Defendant subsequently filed the Motion to Dismiss now under consideration. (Doc. 26). To date, Plaintiff has failed to respond.[3]

**Applicable Law**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must allege enough facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007). In order to overcome a Rule 12(b)(6) motion, a complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995)

---

recover damages for common-law wrongful foreclosure for defects within the foreclosure sale itself).

[2] "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

[3] Under the local rules, if Plaintiff opposed this motion, his response was due on or before January 29, 2013. *See* N.D. Tex. L.R. 7.1. Rather than respond to this Motion to Dismiss, Plaintiff filed a "*Response to the Court's Order of Dismissal*" that objects to the District Court's acceptance of the recommendation of dismissal. (Doc. 28).

(quotation omitted).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Id.*

**Analysis**

In his *Second Amended Complaint*, Plaintiff alleges Defendant wrongfully foreclosed on his home after assuring Plaintiff the foreclosure proceedings were terminated.  (Doc. 24 at 4). Plaintiff further alleges the property was sold at a grossly inadequate price of $64,000, compared to the market value of at least $175,000.  *Id*.  In its Motion to Dismiss, Defendant contends Plaintiff's claim fails because "(1) Plaintiff does not contend that possession of the Property was lost; (2) Plaintiff does not adequately allege the Property sold for a grossly inadequate price; and (3) Plaintiff fails to assert a causal connection between the alleged defect in the foreclosure sale and the purportedly grossly inadequate sales price."  (Doc. 26 at 9).

Defendant's arguments are well taken.  In order to allege common law wrongful foreclosure, a plaintiff must establish (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and selling price. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008); *see also In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001) (collecting cases).  Additionally, "[a] claim for 'wrongful foreclosure' is not available based merely on showing a defect in the foreclosure process; it is also necessary that there be an inadequate selling price resulting from the defect."  *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011) (Fitzwater, J.).

A defect in a foreclosure proceeding is defined as an event that "concerns the foreclosure sale *itself*, its manner, its fairness, its competitiveness, and its result."  *See In re Keener*, 268 B.R. at 922 (emphasis added).  Accordingly, an event cannot be considered a defect if it does not

involve the foreclosure sale proceedings itself. *See id*. Therefore, a foreclosure sale, despite an alleged promise not to proceed with the sale, cannot constitute a defect because it does not involve the actual proceedings of the foreclosure. *See id.* Because Plaintiff relies solely on an alleged promise to terminate the foreclosure proceedings, Plaintiff has not alleged a defect in the foreclosure proceeding sufficient to give rise to a wrongful foreclosure cause of action.

Similarly, Plaintiff fails to allege a causal connection between any alleged defect in the foreclosure sale and a grossly inadequate sales price. Plaintiff merely states the house is worth "at least $175,000" and was sold for $64,000. Even if this allegation was sufficient to demonstrate an inadequate sales price, Plaintiff has failed to allege that a defect in the foreclosure sale proceedings actually <u>caused</u> the grossly inadequate sale price. At most, Plaintiff has alleged that a grossly inadequate sale price <u>resulted from</u>, rather than was caused by, any defect in the foreclosure proceedings. Therefore, Plaintiff cannot sustain a wrongful foreclosure claim. *See Biggers*, 767 F. Supp. 2d at 729 (holding to state a claim for wrongful foreclosure, a plaintiff must allege a connection between a defect in the foreclosure proceeding and a grossly inadequate sales price).

Finally, because Plaintiff remains in possession of the property (Doc. 26 at 10), he has no claim for wrongful foreclosure. *Peoples v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-489-A, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011) (McBryde, J.) (holding that under Texas law, loss of possession is required to state a claim for wrongful foreclosure); *see also Barcenas v. Fed. Home Loan Mortg. Corp.*, 2013 WL 286250, at *7 (S.D. Tex. Jan. 24, 2013) (same) (collecting cases).

**RECOMMENDATION**

In light of the foregoing, Plaintiff's previous opportunities to amend his petition,[4] and Plaintiff's failure to respond to Defendant's *Motion to Dismiss Plaintiff's Second Amended Complaint*, it is recommended that the motion (Doc. 26) be **GRANTED,** and this case be **DISMISSED WITH PREJUDICE**.

**SIGNED** March 18, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").