IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADETUNJI FASHINA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:12-CV-822-N-BK |
| § | |
| FEDERAL HOME LOAN MORTGAGE § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS and RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 4). The Court now considers Defendant's *Sealed Motion for Award of Attorney's Fees and Costs*. (Doc. 37). For the reasons discussed below, it is recommended that the motion be **GRANTED**.

This case stems from Defendant's foreclosure of Plaintiff's home. Defendant moved to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule 12(b)(6), which this Court granted. (Docs. 29-31). After the entry of the final judgment, Defendant filed its Motion for Attorneys' Fees and Cost, seeking a total of $26,008.58 in attorneys' fees and costs associated with its defense of this case. (Doc. 37). Plaintiff, if opposed to this motion, was required to respond by May 16, 2013. *See* N.D. TEX. L.R. 7.1. However, to date, he has not done so.[1] Therefore, the Court's determination is limited to Defendant's motion and arguments.

The Deed of Trust executed by Plaintiff in conjunction with his purchase of the subject property provides for the recovery of attorneys' fees. (Doc. 38-2 at 8-9). Specifically, it states, in relevant part:

---

[1] The motion's certificate of conference states that Plaintiff is opposed to this motion. (Doc. 37 at 14).

> If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . . Lender's actions can include, but are not limited to: . . . (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument.
>
> ***
>
> Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

(Doc. 38-1 at 4).

In similar post-foreclosure actions brought by mortgagors, this Court has held the defendants were entitled to recover attorneys' fees under deed of trust provisions like the one in this case. *See, e.g., Richardson v. Wells Fargo Bank, N.A.*, 4:11–CV–359–A, 2012 WL 6028912, at *3 (N.D.Tex. Dec.3, 2012) (McBryde, J.); *Stevenson v. Wells Fargo Bank, N.A.*, 2013 WL 2300953, 1 -2  (N.D.Tex. May 23, 2013) (Lindsay, J.).  In *Richardson*, the Court concluded that the plaintiff's claims, "'if successful, could have permanently affected defendants' ability to enforce the terms of the note and deed of trust through foreclosure and eviction if plaintiff persisted in her default"; thus, the action to enjoin the foreclosure and eviction qualified as a legal proceeding that might significantly affect Lender's rights in the property. *Richardson*, 2012 WL 6028912, at *3 (citing *In re Velazquez*, 660 F.3d 893 (5th Cir.2011)).

Accordingly, in light of the contractual provisions highlighted above, the Court finds that Defendant is entitled to recover from Plaintiff its reasonable attorneys' fees.

In determining whether claimed attorneys' fees are reasonable, a court considers the following factors:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly; (2) the likelihood . . . that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997).

The affidavit of attorney Robert T. Mowrey, submitted in support of Defendant's fee request, avers that the rates and fees charged by the law firm Locke Lord LLP are reasonable and comparable to the rates charged by firms in Texas.  Defendant has also submitted detailed billing records demonstrating the nature of the work performed and the hourly rates charged by the attorneys and paralegals involved.  (Doc. 37 at 11-12; Doc. 38-3).  Given the work required to litigate this removal case, the Court finds the services rendered by Defendant's counsel were necessary and the total hours of 154.05 billed by the attorneys reasonable.  (Doc. 38-3 at 5).  The Court also finds that the hourly rates charged by Defendant's counsel, ranging from $200 to $564 an hour, and $180 per hour for paralegals, were reasonable. *Id.* at 4.  Finally, the Court finds reasonable the claimed expenses of $96.18 (which excludes the taxed costs).

Based on the foregoing, it is recommended that Defendant's *Sealed Motion for Award of Attorneys' Fees and Costs* (Doc. 37) be **GRANTED,** and Plaintiff be ordered to pay Defendant $25,912.40 in fees and $96.18 in expenses.

**SO RECOMMENDED** on June 11, 2013.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE